United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JANE RHODES,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY BOSTITCH,<br><br>    Defendant.<br>_____ / | No. C -13-00578 EDL<br><br>**ORDER CONSTRUING PLAINTIFF'S MAY 23, 2013 AND MAY 30, 2013 FILINGS AS MOTIONS FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On May 17, 2013, the Court filed an Order Granting Defendant's Motion to Dismiss, Denying as Moot Plaintiff's Motion for Summary Judgment and Denying as Moot Plaintiff's Motion to Transfer Venue. Also on May 17, 2013, the Court entered judgment in this case.

On May 23, 2013 and May 30, 2013, Plaintiff filed two pleadings that the Court construes as Motions for Leave to File a Motion for Reconsideration. Civil Local Rule 7-9 governs motions for leave to file motions for reconsideration. Subsection (b) of that Rule states:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Further, a district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed

clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id.; see also Civ. L.R. 7-9(b). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

In her filings, Plaintiff appears to respond to the Court's finding that the Lilly Ledbetter Fair Pay Act, Pub.L. No. 111-2, 123 Stat. 5, did not apply to toll the statute of limitations in this case because Plaintiff did not allege discrimination in compensation, nor did she allege that she received any paychecks from Defendant after the alleged discrimination. Plaintiff provides a lengthy description of her injuries that took place in the 1990's. Plaintiff confirmed that the discrimination on which she bases her complaint took place in December 1997. She also stated that she received state disability payments from December 19, 1997 through April 17, 1998 and then received workers' compensation payments from April 18, 1998 though June 6, 1999. Thus, Plaintiff appears to argue that these facts show that her claim is timely based on the Fair Pay Act.

Plaintiff has failed to make the required showing under Local Rule 7-9(b) to obtain reconsideration. She has not pointed to a "material difference in fact or law" that exists from that which was presented to the Court before entry of the Court's May 17, 2013 Order and Judgment. She has not pointed to "the emergence of new material facts or a change of law occurring after the time of" the Court's Order, nor has she shown a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the Court's Order. Instead, Plaintiff's filings presents facts that could have been presented during the briefing on Defendant's motion to dismiss. Therefore, Plaintiff's motion for leave to file a motion for reconsideration is denied.

Even if the Court were to grant reconsideration to consider the facts set forth in Plaintiff's filings, the Court would not change its May 17, 2013 Order. Assuming that the disability payments stated in the filings were made, and even if the Fair Pay Act applied to toll the statute of limitations

(which it does not in this case), the statute of limitations would only be tolled until June 1999. Plaintiff's complaint in this case would remain barred by the statute of limitations as stated in the Court's May 17, 2013 Order.

IT IS SO ORDERED.

Dated: June 6, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge